**QIU RU CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Department of Justice, Michael Chertoff, Secretary of the Department of Homeland Security, and Department of Homeland Security, Respondent.**

**No. 03–4764–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

Douglas B. Payne, New York, New York, for Petitioner.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

James P. Kennedy, Jr., Assistant United States Attorney, (Kathleen M. Mehltretter, United States Attorney, Matthew Makowski, Intern, on the brief), Buffalo, New York, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Qiu Ru Chen petitions for review of the March 2003 decision of the BIA denying her motion to reopen her immigration proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (quoting *Zhao v. US DOJ,* 265 F.3d 83, 93 (2d Cir.2001)).

Regulations provide that a party may file only one motion to reopen deportation or exclusion proceedings, and that petition must be filed no later than ninety days after the final administrative decision. 8 C.F.R. § 1003.2(c)(2) (2005) (previously codified at 8 C.F.R. § 3.2(c)(2) (2003)). Chen filed her third motion to reopen within ninety days of the BIA's denial of her second motion to reopen. However, the BIA denied Chen's third motion on the ground that it exceeded the permitted number of motions to reopen under the regulations. Furthermore, the BIA found that Chen had not established that circumstances had changed in China in such a way as to qualify her for an exception to the numerical limit on motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA's opinion was a rational and proper exercise of discretion. *See Kaur,* 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of deportation that the Court previously granted in this petition is VACATED, and any pending motion for a stay of deportation in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).